**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHATANYA S. WARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Number 1:06CV408** |
| | ) | |
| **UNIFUND CCR PARTNERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER**

Unifund CCR Partners (the "Defendant") answers the Complaint (the "Complaint") filed by Shatanya S. Ward (the "Plaintiff"), as follows:

**First Defense**

**I.  INTRODUCTION**

1.      The Defendant admits that the Plaintiff purports to bring a complaint as so stated, but otherwise denies the allegations in paragraph 1 of the Complaint.

**II.  JURISDICTION AND VENUE**

2.      In response to paragraph 2 of the Complaint, the Defendant, while denying the validity of the Plaintiff's cause of action and denying that it violated the referenced statute, admits the jurisdiction of this Court.

3.      In response to paragraph 3 of the Complaint, the Defendant admits that venue in the United States District Court for the Middle District of Alabama is proper, but otherwise denies the allegations in paragraph 3 of the Complaint.

1/1459901.1

## III.  PARTIES

4.    The Defendant denies the allegations in paragraph 4 of the Complaint for want of knowledge.

5.    The Defendant denies the allegations in the first sentence of paragraph 5 of the Complaint.  The Defendant admits the allegations in the second sentence of paragraph 5 of the Complaint.  The third sentence of paragraph 5 of the Complaint states conclusions of law to which no response is required.  To the extent a response is necessary, the Defendant denies the conclusions in the third sentence of paragraph 5 of the Complaint.

## IV.  FACTUAL ALLEGATIONS

6.    The Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.    In response to paragraph 7 of the Complaint, the Defendant states that the debt in question arose in connection with the Plaintiff's purchases at Gordon's Jewelers, but otherwise denies the allegations in paragraph 7 of the Complaint.

8.    Paragraph 8 of the Complaint states conclusions of law to which no response is required.  To the extent a response is necessary, Defendant denies the conclusions in paragraph 8 of the Complaint for want of knowledge.

9.    The Defendant denies any characterization of the Statement of Claim described in paragraph 9 of the Complaint because the Statement of Claim speaks for itself.

10.    The Defendant denies the allegations in paragraph 10 of the Complaint.

11.    The Defendant denies the allegations in paragraph 11 of the Complaint.

12.    The Defendant admits the allegations in paragraph 12 of the Complaint.

13.    The Defendant denies the allegations in paragraph 13 of the Complaint.

14.    The Defendant denies the allegations in paragraph 14 of the Complaint.

1/1459901.1

15.     The Defendant denies the allegations in paragraph 15 of the Complaint.

16.     The Defendant denies the allegations in paragraph 16 of the Complaint.

17.     The Defendant denies the allegations in paragraph 17 of the Complaint.

### COUNT I – VIOLATION OF 15 U.S.C. § 1692d
### Harassment or abuse.

18.     The Defendant incorporates by reference its responses to paragraphs 1 through 17 of the Complaint as set forth above.

19.     Paragraph 19 of the Complaint states conclusions of law to which no response is required.  To the extent a response is necessary, the Defendant denies the conclusions in paragraph 19 of the Complaint.

20.     The Defendant denies the allegations in paragraph 20 of the Complaint.

21.     The Defendant denies the allegations in paragraph 21 of the Complaint.

22.     The Defendant denies the allegations in paragraph 22 of the Complaint.

### COUNT II – VIOLATION OF 15 U.S.C. § 1692e(2)
### Falsely representing the character, amount, or legal status of any debt.

23.     The Defendant incorporates by reference its responses to paragraphs 1 through 22 of the Complaint as set forth above.

24.     Paragraph 24 of the Complaint states conclusions of law to which no response is required.  To the extent a response is necessary, the Defendant denies any characterization of  15 U.S.C. § 1692e(2)(A) because the statute speaks for itself.

25.     The Defendant denies the allegations in paragraph 25 of the Complaint.

26.     The Defendant denies the allegations in paragraph 26 of the Complaint.

1/1459901.1

## COUNT III – VIOLATION OF 15 U.S.C. § 1692e(8)
### Reporting False Credit Information.

27.    The Defendant incorporates by reference its responses to paragraphs 1 through 26 of the Complaint as set forth above.

28.    Paragraph 28 of the Complaint states conclusions of law to which no response is required.  To the extent a response is necessary, the Defendant denies the conclusions in paragraph 28 of the Complaint.

29.    The Defendant denies the allegations in paragraph 29 of the Complaint.

30.    The Defendant denies the allegations in paragraph 30 of the Complaint.

## COUNT III – VIOLATION OF 15 U.S.C. § 1692e(10)
### The use of false representation or deceptive means
### to collect or attempt to collect any debt.

31.    The Defendant incorporates by reference its responses to paragraphs 1 through 30 of the Complaint as set forth above.

32.    Paragraph 32 of the Complaint states conclusions of law to which no response is required.   To the extent a response is necessary, the Defendant denies any characterization of  15 U.S.C. § 1692e(10) because the statute speaks for itself.

33.    The Defendant denies the allegations in paragraph 33 of the Complaint.

34.    The Defendant denies the allegations in paragraph 34 of the Complaint.

## COUNT IV – VIOLATION OF 15 U.S.C. § 1692f
### Unfair practices.

35.    The Defendant incorporates by reference its responses to paragraphs 1 through 34 of the Complaint as set forth above.

36.    Paragraph 36 of the Complaint states conclusions of law to which no response is required.   To the extent a response is necessary, the Defendant denies any characterization of  15 U.S.C. § 1692f because the statute speaks for itself.

37.     The Defendant denies the allegations in paragraph 37 of the Complaint.

38.     The Defendant denies the allegations in paragraph 38 of the Complaint.

39.     The Defendant denies the allegations in paragraph 39 of the Complaint.

40.     No response is required to the Plaintiff's prayer for relief, but Defendant denies that the Plaintiff is entitled to actual damages, maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k, costs and reasonable attorney fees, or any other form of legal or equitable relief in this action.

41.     Except as specifically admitted above, the Defendant denies all allegations in the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### Second Defense

The Complaint does not state a claim upon which relief can be granted.  Without limitation, the Defendant commenced a lawsuit against the Plaintiff alleging that the Plaintiff was liable under the theory of account stated, for which the statute of limitations is six years.

### Third Defense

The Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Defense

The Plaintiff's claims are barred or limited by the doctrines of setoff and recoupment.

### Fifth Defense

The Plaintiff's claims may be barred by the doctrines of laches, waiver and/or estoppel.

1/1459901.1

## Sixth Defense

The Plaintiff may have failed to join one or more indispensable parties to this action.

## Seventh Defense

The Plaintiff's damages, if any, may be the direct and proximate result of the actions or omissions of parties for whom the Defendant is not responsible or liable.

## Eighth Defense

To the extent the Defendant attempted to collect the debt in question, the Defendant complied at all times with the FDCPA.

The Defendant reserves all rights, claims, and defenses.  The Defendant reserves the right to assert additional defenses that may be appropriate upon further discovery or investigation.


Respectfully submitted this 9th day of June, 2006.


_____/s/ Chris Hawkins_____
Jay Bender
Chris Hawkins



OF COUNSEL:
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Phone:  (205) 521-8000
Fax:  (205) 521-8500

Counsel for the Defendant

1/1459901.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the foregoing on:

David G. Poston, Esq.
Michael Brock, Esq.
Gary Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330

electronically and by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing address, on this 9th day of June, 2006.

/s/ Chris Hawkins
OF COUNSEL

1/1459901.1