IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHATANYA WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO.: 06-CV-408 |
| UNIFUND CCR PARTNERS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

REPORT OF PARTIES' PLANNING MEETING

    1.    Pursuant to Fed.R.Civ.P. 26(f), a conference was held on June 30, 2006 and was attended by:

| | |
|---|---|
| David G. Poston | Christopher L. Hawkins |
| Brock & Stout | Bradley Arant Rose & White LLP |
| P. O. Drawer 311167 | 1819 Fifth Avenue North |
| Enterprise, Alabama 36331 | Birmingham, Alabama 35203 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

    2.    Parties' Statements of the Case:

Plaintiff's Brief Narrative Statement of Facts:

The Plaintiff believes the evidence will demonstrate that the Defendant violated the Fair Debt Collection Practices Act. Without limitation, the Plaintiff asserts that the Defendant filed a state court lawsuit against the Plaintiff in an attempt to collect a debt that was outside the statute of limitations. The Plaintiff also asserts that the Defendant sent reports to

credit reporting agencies indicating that the relevant credit card account had been opened and closed in 2004 when the account actually had been opened by the Plaintiff several years earlier.

<u>Defendant's Brief Narrative Statement of Facts</u>:

The Defendant believes the evidence will show that it did not violate any laws when it filed its state court lawsuit and when it notified credit agencies of the assignment of the credit card account. The Defendant asserts that it filed its lawsuit on the legal theory of account stated, for which the statute of limitations had not run at the time of the lawsuit. The Defendant further asserts that in 2004 it notified the credit reporting agencies that it was the assignee of the Plaintiff's credit card account. The Defendant asserts that it did not report to the credit agencies that the account was opened and closed in 2004.

3. Pre-Discovery Disclosures. The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) by August 28, 2006.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan:

>Discovery will be needed on the following subjects: (1) the timing of when the Plaintiff opened the credit card account, purchased items on the credit card account, and sent payments on the credit card account; (2) the timing of the assignment of the credit card account to the Defendant; (3) the Defendant's reports to credit agencies regarding the status of the account.

>All discovery commenced in time to be completed by December 22, 2006.

>Maximum of 25 interrogatories (including all discrete subparts) by each party to any other party. Responses due 30 days after service.

>Maximum of 35 requests for admission by each party to any other party. Responses due 30 days after service.

>Unless agreed upon by the parties or otherwise ordered by the court, maximum of 5 depositions by Plaintiff and 5 by Defendant.
>
>Each deposition is limited to a maximum of 8 hours unless extended by agreement of parties.
>
>Report from retained experts under Rule 26(a)(2) due:
>
>| | |
>|---|---|
>| From Plaintiff: | November 1, 2006. |
>| From Defendants: | December 1, 2006. |
>
>Supplementations under Rule 26(e) due thirty (30) days after discovery of additional information necessary to be disclosed.

5. Other Items: not applicable.

6. The parties do not request a conference with the court before entry of the scheduling order.

7. The parties request a pretrial conference in April 2007.

8. Plaintiff should be allowed until September 15, 2006 to join additional parties and until September 15, 2006 to amend the pleadings.

9. Defendants should be allowed until September 15, 2006 to join additional parties and until September 15, 2006 to amend the pleadings.

10. All potentially dispositive motions should be filed by January 15, 2007.

11. Settlement cannot be evaluated prior to some initial discovery.

12. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

>| | |
>|---|---|
>| From Plaintiff: | 14 days before trial. |
>| From Defendant: | 14 days before trial. |

13. Parties should have 7 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

14. The case should be ready for trial by May 14, 2007 and at this time is expected to take approximately 1-2 days.

15. Other matters. Not applicable.

Date: June 30, 2006.

s/ David G. Poston
David G. Poston
Brock & Stout
P. O. Drawer 311167
Enterprise, Alabama 36331

*Attorney for Plaintiff*

s/ Christopher L. Hawkins
Christopher L. Hawkins
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

*Attorney for Defendant*